RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARK ABRAMS                                              05 CIV 0907 (AKH)(JF)

                Plaintiff,                            COMPLAINT

     -against-

HARTFORD LIFE INSURANCE COMPANY

                Defendant.
-------------------------------------------------------------------X

        Plaintiff Mark Abrams, by his attorneys Riemer & Associates LLC, complaining of defendant alleges:

        1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.,* to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

        2.      This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

        3.      Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4.  At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Group Long Term Disability And Life Plan for Employees of New York Cruise Lines, Inc. (the "Plan").

5.  At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6.  From June 1, 1998 through February 28, 2001, benefits under the Plan were funded by an insurance policy issued by Sun Life Insurance and Annuity Company of New York.

7.  From March 1, 2001 through April 30, 2001, benefits under the Plan were self funded by New York Cruise Lines, Inc. ("NYCL").

8.  From May 1, 2001 and thereafter, benefits under the Plan were funded by policy GLT-706427 (the "Policy") issued by Hartford Life Insurance Company ("Hartford").

9.  Hartford is and has been the named claims fiduciary under the Plan since May 1, 2001, within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

10. Plaintiff was employed as Executive Vice President at NYCL.

11. As an employee of NYCL, plaintiff was provided with long term disability insurance coverage under the Plan.

12. At all relevant times, plaintiff made all required employee premium contributions to the Plan.

13. As of July 8, 2001, plaintiff was rendered totally disabled within the meaning of the Plan as a result of a heart condition.

14. On September 14, 2001, plaintiff submitted an application for long term disability benefits under the Policy and Plan.

15. By letter dated November 14, 2001, Hartford denied plaintiff's application for benefits.

16. The stated reason for denial in the November 14, 2001 letter was that plaintiff last worked on April 12, 2001, and the Policy did not become effective until May 1, 2001.

17. At no time in the November 14, 2001 letter did Hartford assert that plaintiff was not totally disabled within the meaning of the Plan and Policy.

18. By letter dated January 11, 2002, plaintiff appealed the denial of benefits.

19. With the January 11, 2002 appeal, plaintiff submitted proof that he worked at NYCL through July 5, 2001.

20. By letter dated January 28, 2002, Hartford determined that plaintiff became covered under the Policy effective May 8, 2001.

21. Hartford also determined that plaintiff worked full-time at NYCL through July 11, 2001.

22. By letter dated February 11, 2002, Hartford denied plaintiff's appeal.

23. The stated reason for denial in the February 11, 2002 letter, was that plaintiff's disability was due to, contributed to by or, the result of a preexisting condition.

24. At no time in the February 11, 2002 letter did Hartford assert that plaintiff was not totally disabled within the meaning of the Plan and Policy.

25. By letter dated August 12, 2002, plaintiff submitted a second appeal of Hartford's denial.

26. With the August 12, 2002 appeal, plaintiff submitted proof that the Plan was self insured by NYCL from March 1, 2001 through April 30, 2001.

27. Because plaintiff was covered by a self-insured plan prior to the effective date of the Policy, the preexisting condition provisions of the Policy did not apply to his claim.

28. By letter dated October 10, 2002, Hartford denied plaintiff's second appeal for benefits.

29. The stated reason for denial in the October 10, 2002 letter was that Hartford properly applied the preexisting condition provisions to plaintiff's claim.

30. At no time in the October 10, 2002 letter did Hartford assert that plaintiff was not totally disabled within the meaning of the Plan and Policy.

31. By letter dated October 27, 2004, plaintiff asked Hartford for additional review in light of new information.

32. With the October 27, 2004 appeal, plaintiff submitted a letter from Robert E. Maher, Chief Financial Office & Treasurer of NYCL dated October 12, 2004.

33. The October 12, 2004 letter from NYCL provides in pertinent part as follows:

> I write to clarify and memorialize certain issues relating to your participation in the New York Cruise Line, Inc. Long Term Disability Plan (the "Plan").

The Plan was insured through Sun Life Insurance and Annuity Company of New York ("Sun Life") from June 1, 1998 to February 28, 2001; and insured by Hartford Life Insurance Company ("Hartford) from May 1, 2001 through present.

New York Cruise Line, Inc. ("NYCL") acknowledges that it accidentally and unintentionally failed to pay collected premiums to Sun Life for the period from March 1, 2001 through April 30, 2001; and that the Plan's policy with Sun Life lapsed. At all times, however, NYCL intended that the Plan be continued in full force and effect, and at no time did it intend to terminate or otherwise suspend long term disability coverage and benefits under the Plan. Consequently, NYCL acknowledges that during the period from March 1, 2001 through April 30, 2001, NYCL became a self-insurer of benefits under the Plan, until it purchased insurance with Hartford effective May 1, 2001.

NYCL further acknowledges that during the period of self-insurance, NYCL as the plan sponsor served as plan administrator of the Plan; that you continued to pay premiums in connection with your participation in the Plan; and that you remained at all times a participant in the Plan.

34.     By letter dated December 1, 2004, Hartford refused to reconsider its denial of disability benefits.

35.     At no time in the December 1, 2004 letter, or at any time whatsoever, did Hartford assert that plaintiff was not totally disabled within the meaning of the Plan and Policy.

36.     Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

37. Under the terms of the Plan and Policy, a disabled participant is entitled to a monthly benefit equal to 60% of pre-disability earnings.

38. From July 8, 2001, plaintiff has been totally disabled within the meaning of the Plan.

39. Hartford's determination denying benefits under the Plan and Policy is contrary to the terms of the Plan, unreasonable, and arbitrary and capricious.

40. Upon information and belief, Hartford has a conflict of interest.

41. Upon information and belief, Hartford's determination of plaintiff's claim for benefits was affected by its conflict of interest.

42. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

43. Plaintiff repeats and realleges the allegations of paragraphs 1 through 42 above.

44. By reason of 's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against Hartford:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
       January 25, 2005

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700


By:_____/s/_____
        Scott M. Riemer (SR5005)